**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

Civil Action No. 21-cv-84-___

LYDIA MAFFIN,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant Lowe's Home Centers, LLC ("Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Polk County District Court, Iowa to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.    INTRODUCTION

1.    Plaintiff Lydia Maffin ("Plaintiff") initiated this lawsuit on January 7, 2021 against Defendant, in the District Court for the County of Polk, State of Iowa, captioned *Lydia Maffin v. Lowe's Homes Centers, LLC*, Civil Action No. LACL149554 and is now pending in that court (the "State Action"). *See* **Exhibit A**, Plaintiff's Petition.

2.    Plaintiff alleges that on December 5, 2020, while walking on the premises of the Lowe's store located at 1700 50th Street in West Des Moines, Iowa, she "tripped and fell over a

Christmas tree stump that was sticking out of the bin in which it was placed," causing her to suffer "personal injury to her body," and to incur substantial damages including past, present, and future medical expenses, hospital expenses, drug expenses, and lost wages, as well has pain and suffering impairment, and mental anguish. **Exhibit A**, ¶¶ 3, 5, 7.

3.  Plaintiff's Petition alleges a claim of Negligence. *Id.* at ¶ 6.

## II.  COMPLIANCE WITH THE RULES

4.  All procedural requirements related to the removal of this action have been satisfied.

5.  Defendant was served on February 11, 2021.

6.  This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Petition on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7.  A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8.  Pursuant to 28 U.S.C. § 1446(a) and D.C.Iowa.L.Civ.R. 81(a), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

   **Exhibit A**   Petition at Law and Jury Demand

   **Exhibit B**   Civil Original Notice

   **Exhibit C**   Return of Service

   **Exhibit D**   Notice of Filing Notice of Removal

   **Exhibit E**   Iowa State Court Docket for Case LACL149554 (Polk)

9. Pursuant to D.C.Iowa.L.Civ.R 81(a)(2), Defendant states that no motions are currently pending.

10. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Iowa.L.Civ.R. 81.

### III.   DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Iowa has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13. There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Iowa. **Exhibit A**, ¶ 1. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

14. Defendant is a citizen of North Carolina. Defendant is a foreign corporation organized under the laws of the state of North Carolina with a principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28117. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business"). Defendant is a wholly owned subsidiary of Lowe's Companies, Inc., a publicly traded North Carolina corporation. Lowe's Companies, Inc. is its sole member.

15. For purposes of Federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16. The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In his Petition, Plaintiff alleges that she has suffered "personal injury to her body" as well as thirty different types of economic and non-economic damages including past, present, and future medical expenses, hospital expenses, drug expenses, pain, suffering, impairment, loss of use, loss of enjoyment of life, mental anguish, and lost wages caused by the incident. **Exhibit A**, ¶ 7.[2]

17. Because Plaintiff did not allege a specific amount in controversy, Lowes must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000; "[t]he jurisdictional fact … is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…." *Bell v. Hershey*, 557 F.3d 953, 885 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 20020).

18. When determining whether the amount in controversy exceeds $75,000 for removal purposes, the court may consider a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff. *See Neighbors v. Muha*, No. 05-472-

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding her alleged damages and injuries.

CV-W-GAF, 2005 U.S. Dist. LEXIS 39821, at *6 (W.D. Mo. Sept. 26, 2005) (citing *Halsne v. Liberty Mut. Group*, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)); *see also Gillming v. J. Jill, LLC*, No. 06-0123-CV-W-JFG, 2006 U.S. Dist. LEXIS 54259, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006); *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 U.S. Dist. LEXIS 96582, at *6 (E.D. Mo. July 12, 2012).

19. When a defendant seeks Federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

20. Based on Plaintiff's allegations of substantial and varied personal injury and both economic and non-economic damages, the amount in controversy exceeds $75,000.00, satisfying the jurisdictional requirement set forth in 28 U.S.C. § 1332. *See Carville v. Sheraton Corp.*, No. 4:08CV01567 FRB, 2009 U.S. Dist. LEXIS 41358, *5-8 (E.D. Mo. May 15, 2009)(holding that the plaintiffs' allegations of severe, permanent physical and mental injuries alone are sufficient to conclude that the amount in controversy for removal had been met).

21. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Lowe's Home Centers, LLC, respectfully requests that the action now pending in the Polk County District Court, Case No. LACL149554, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 15th day of March, 2021.

                Hall & Evans, LLC

                *s/ Michael A. Paul*
                Michael A. Paul, Atty.
                1001 17th Street, Suite 300
                Denver, CO  80202
                Phone: (303) 628-3300
                Fax: (303) 628-3368
                paulm@hallevans.com
                ATTORNEY FOR DEFENDANT
                LOWE'S HOME CENTERS, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on this 15th day of March, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following:

*Counsel for Plaintiff*:

Thomas P. Slater
Michael T. Norris
Reagan H. Slater
5070 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone: (515) 221-0918
Facsimile: (515) 226-1270
e-mail: tpslater@snglaw.com
e-mail: mnorris@snglaw.com
e-mail: rslater@snglaw.com

       *s/ Susan E. Small*
       Susan E. Small, Legal Assistant
       Hall & Evans, LLC
       1001 17th Street, Ste. 300
       Denver, CO 80202
       smalls@hallevans.com